UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
In re                          )   Chapter 7, No. 14-30029-HJB
                               )
FRANK R. SAIA                  )
                               )
                               )
                               )
                    Debtor     )
_____)
                               )
MARK P. JENCO                  )   Adversary Proceeding No.
                               )     14-03008
                               )
                               )
                    Plaintiff  )
                               )
              v.               )
                               )
FRANK R. SAIA                  )
                               )
                    Defendant  )
_____)
```

**MOTION TO DISMISS**

To the HONORABLE HENRY J. BOROFF, Bankruptcy Judge:

    Now comes FRANK R. SAIA ("Saia"), the Defendant herein, and he does hereby move to dismiss the above-captioned Adversary Proceeding. In support of this Motion, Saia represents as follows:

    1. On January 13, 2014 ("Petition Date"), Saia filed a Voluntary Petition pursuant to Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Massachusetts ("Bankruptcy Court").

    2. On April 28, 2014, Mark P. Jenco ("Jenco") filed a Complaint against Saia with the Bankruptcy Court.

3. On April 28, 2014, the Bankruptcy Court issued a Summons in an Adversary Proceeding in connection with the Complaint ("Summons").

4. On May 17, 2014, Saia received, at his home, documents including the first page of the Summons and a copy of a Complaint and Demand for Jury Trial relating to the Civil Action in the Hampden County Superior Court, Docket No. HDCV 2013-00805; further, as of the date of this pleading, Saia has not been served with the Complaint.

5. The Summons states that the "Answer Due" date for the Complaint is May 28, 2014.

6. Saia does not acknowledge that he has been properly served with the Summons and Complaint and, by filing this Motion, he does not waive any rights that he may have as a result of defective service.

7. The Complaint should be dismissed in its entirety in that it: i) fails to state a claim upon which relief and be granted, and ii) fails to comply with Rule 7008 of the Rules of Bankruptcy Procedure.

8. The standard for a Motion to Dismiss is set forth in the case of <u>Robert v. Household Finance Corp. II</u>, 432 B.R. 464, 469 (Bankr. D. Mass. 2010). In that case, the Bankruptcy Court, citing the Supreme Court of the United States in <u>Bell Atlantic Corp. v. Twombly</u>, stated that "In order to sufficiently state a claim, the complaint . . . must provide facts sufficient 'to raise the right to relief above the speculative level.'" <u>Robert</u>, 432 B.R. at 469 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). In ruling on a Motion to Dismiss, the Bankruptcy Court should credit "well-pleaded facts," but ignore "bald assertions, unsupportable conclusions, periphrastic

circumlocution, and the like". Id. (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)).

9. Count I of the Complaint should be dismissed in that it fails to state a claim upon which relief can be granted. Specifically, Count I, which seeks the deny Saia's discharge pursuant to Section 727(a)(2) of the Bankruptcy Code, is deficient in that:

(a) it does not allege a single fact in support of the allegation that Saia transferred property to his wife, or otherwise concealed property; and

(b) it does not allege all of the elements required to deny a debtor a discharge pursuant to Section 727(a)(2) of the Bankruptcy Code; specifically, it does not allege that any property purportedly transferred or concealed was property of Saia or property of the Estate; and it also does not allege that the property was transferred or concealed within one year before the Petition Date or after the Petition Date.

10. Count III of the Complaint[1] should be dismissed in that it fails to state a claim upon which relief can be granted. Specifically, Count III, which seeks to deny Saia's discharge pursuant to Section 727(a)(4) of the Bankruptcy Code, is deficient in that it fails to allege a single fact in support of the allegation that Saia made false oaths on his Schedules of Assets, Statement of Financial Affairs, or testimony at his Section 341 Meeting.

11. Count IV of the Complaint should be dismissed in that it fails to state a claim upon which relief can be granted. Specifically, Count IV, which seeks the entry of an Order

---

[1] The Complaint inexplicably does not include a Count II. It also does not include paragraphs 3 through 5, paragraphs 10 through 14, or paragraphs 18 through 25.

determining the nondischargeability of the Jenco's claim pursuant to Section 523(a)(6) of the Bankruptcy Code, is deficient in that:

(a)  Count IV fails to allege any facts that identify any actual harm suffered by Jenco; rather, paragraph 17 of the Complaint merely contains the bald statement that Jenco suffered "substantial harm and damage;"

(b)  Although Count IV alleges that Jenco was financially and physically harmed by Saia, it fails identify any facts that evidence the financial or physical harm that was allegedly inflicted; and

(c)  Count IV fails to allege any facts that support the allegation that the harm that Jenco is alleged to have suffered was willful and malicious.

12.  The Complaint should also be dismissed in its entirety in that it fails to comply with Rule 7008 of the Rules of Bankruptcy Procedure which requires that any Complaint must contain a statement as to whether the proceeding is core or noncore and, if noncore, that the pleader does or does not consent to entry of Final Orders or Judgment by the Bankruptcy Judge.

WHEREFORE, Saia moves for the entry of an Order dismissing the Complaint in its entirety and for such and further relief as the Court deems just and proper.

                                        FRANK R. SAIA


Dated:  May 28, 2014

                                By:/s/ Joseph B. Collins
                                    JOSEPH B. COLLINS, ESQ.
                                    (BBO No. 092660)
                                    For HENDEL & COLLINS, P.C.

```
                              101 State Street
                              Springfield, MA 01103
                              Tel. (413) 734-6411
                              jcollins@hendelcollins.com
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | Chapter 7, No. 14-30029-HJB |
| FRANK R. SAIA | |
| Debtor | |
| MARK P. JENCO | Adversary Proceeding No. 14-03008 |
| Plaintiff | |
| v. | |
| FRANK R. SAIA | |
| Defendant | |

**CERTIFICATE OF SERVICE**

I, JOSEPH B. COLLINS, ESQ. of the law firm of Hendel & Collins, P.C., 101 State Street, Springfield, Massachusetts, do hereby certify that on the 28th day of May, 2014, and upon receipt of the Notice of Electronic Filing of the attached pleading, a copy of the pleading was served by first class mail, postage prepaid, to each of the parties listed on the attached Exhibit "A" noted as having received electronic service on said Notice.

Dated: May 28, 2014

    /s/ Joseph B. Collins, Esq.
JOSEPH B. COLLINS, ESQ.
(BBO No. 092660)
For HENDEL & COLLINS, P.C.
101 State Street
Springfield, MA  01103
Tel. (413) 734-6411
jcollins@hendelcollins.com

**<u>EXHIBIT "A"</u>**

Richard T. King, Esq.
OFFICE OF THE U. S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA  01608
(via ECF)

MR. FRANK R. SAIA
502 Frank Smith Road
Longmeadow, MA 01106
(via first-class mail)

MR. MARK JENCO
c/o Greg T. Schubert, Esq.
1365 Main Street
Springfield, MA 01103
(via first-class mail)